UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80549-CIV-MARRA

J.O. HANEY, JR. and
PATRICIA HANEY,

    Plaintiffs,
v.

FERDOS R. ABDALLAH,
RASHID ABDALLAH, and
PARADISE SHISHA, LLC,

    Defendants.
_____/

## OPINION & ORDER

This cause is before the Court upon Plaintiffs J.O. Haney Jr. and Patricia A. Haney's Motion for Final Default Judgment (DE 14).

Plaintiffs, who are proceeding *pro se* in this action, bring claims against Defendants for fraud and fraudulent conversion.[1] (DE 1). Plaintiffs allege that Defendant Rashid Abdallah "scammed" them out of $588, 810.00. That scam resulted in a $588,810.00 judgment in favor of Plaintiffs and against Defendant Rashid Abdallah in an action in the Western District of Texas (11-cv-00176-OLG)—an action brought by Plaintiffs claiming, among other things, fraud against Defendant Rashid Abdallah.[2]

---

[1] Plaintiffs also request that the Court order a grand jury to be convened because, at some point during the scam at issue in this case, Defendant Rashid Abdallah (allegedly) falsely represented himself as a U.S. Marine Corp. Colonel to gain the Plaintiffs' trust. Of course, requesting that a grand jury be convened is not an appropriate request for relief in a civil action, and the Court does not further address it.

[2] The Court takes judicial notice of the records in the Texas action, which Plaintiffs refer to in their complaint and which are central to Plaintiffs' claim. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."); *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (noting that district courts may take judicial notice of public records). The details of the scam are thoroughly discussed in that case. This Court discusses only the facts necessary to this case.

In the Texas action, the court found that, during the scam, Rashid had accepted cash from a man that was indicted for tax evasion and dealing in counterfeit obligations. *See* Case No. 11-CV-00176-OLG, DE 23 at 4 n.2 (W.D. Tex.). Because Rashid accepted this money, "the IRS searched his office and seized $150,000 in cash." *Id.* at 5.

In this action, Plaintiffs allege that Rashid told them that the government raided his office, charged him with money laundering, and took $150,000.00 that belonged to Plaintiffs, but that there were no records or evidence to corroborate this story. (DE 1 ¶¶ 11, 22–25). Plaintiffs further allege that this money, part of the $588,810.00 judgment to which Plaintiffs are entitled, "appears to have been fraudulently converted by [Rashid's] wife, Defendant Ferdos R. Abdallah, which she then used to open Paradise Shisha Café, registered with the State of Florida as Defendant Paradise Shisha, LLC." (DE 1 ¶¶ 11, 24–25).

Plaintiffs filed their claim in this Court against Rashid, his wife Ferdos, and the Café on May 21, 2012. Defendants were served on August 18, 2012, (DE 6; DE 7; DE 8) and have failed to respond to the summons. The Clerk issued a Certificate of Default against Defendants on February 1, 2013 (DE 12), and Plaintiffs now move for final default judgment under Federal Rule of Civil Procedure 55(a) (DE 14). For the following reasons, the Court concludes that Plaintiffs have failed to state a claim on all three of their counts against Defendants.

In accordance with Rule 55 of the Federal Rules of Civil Procedure, the Court may enter a final default judgment against a party who has failed to plead or otherwise defend. Fed. R. Civ. P. 55. The Court has discretion to determine if an entry of default judgment is appropriate, *see Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), but "a default judgment cannot stand on a complaint that fails to state a claim," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir.

1997).

Plaintiffs' first claim against Defendants is for fraud. For a plaintiff to state a claim of fraud he must allege that (1) "the defendant made a false statement regarding a material fact; (2) the defendant knew that the statement was false when he made it or made the statement knowing he was without knowledge of its truth or falsity; (3) the defendant intended that the plaintiff rely and act on the false statement; and (4) the plaintiff justifiably relied on the false statement to his detriment." *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004).[3]

Looking at the face of Plaintiffs' Complaint, the Court fails to understand how this claim is separate from Plaintiffs' original complaint that was filed in Texas, for which they subsequently received a judgment in their favor. *See* Case No. 11-CV-00176-OLG, DE 1, ¶¶ 95–99. The Eleventh Circuit has held that,

> [a]s a general rule, res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding. A party asserting res judicata bears the burden of showing these elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. Only if all four of those requirements are met do we consider whether the claim in the new suit was or could have been raised in the prior action; if the answer is yes, res judicata applies.

*Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1268 (11th Cir. 2012) (citations, quotations, and notes omitted). "In determining whether the prior and present causes of action are the same, [the Court] must decide whether the actions arise 'out of the same nucleus of operative fact, or are based upon the same factual predicate.'" *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001). Therefore as alleged,

---

[3] In a diversity case, the Court applies the substantive law of the state in which the case arose. In this case, that law is Florida's. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132–33 (11th Cir. 2010).

Plaintiffs' first claim is barred by the doctrine of res judicata because that fraud claim is based on the same "scam" that formed the basis of Plaintiffs' fraud claim in the Texas action. Plaintiffs not only *could have* raised a fraud claim in an earlier proceeding, they actually did raise a fraud claim in an earlier proceeding—and they received a favorable judgment on that claim.[4]

Plaintiffs' second claim is for fraudulent conveyance based on Rashid's alleged transfer of $150,000.00 to his wife so that she could open the Café. "In order to establish a fraudulent conveyance it is necessary to establish that there is a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which is applicable by law to the payment of the debt due." *Johnson v. Dowell*, 592 So. 2d 1194, 1196 (Fla. Dist. Ct. App. 1992) (citing *Wieczoreck v. H & H Builders, Inc.*, 450 So. 2d 867, 873 (Fla. Dist. Ct. App. 1984) and *Bay View Estates Corp. v. Southerland*, 154 So. 894, 900 (Fla. 1934)).

Here, notwithstanding Plaintiffs' allegation that Rashid lied about the government taking their money, the court in the Texas action found that it was the IRS that seized the $150,000.00. *See* Case No. 11-CV-00176-OLG, DE 23 at 5 ("Memorandum and Recommendation"), *adopted by* Case No. 11-CV-00176-OLG, DE 37 ("Order Accepting Recommendations of Magistrate Judge"). Issue preclusion, otherwise known as collateral estoppel, applies when the issue at stake is identical to the one involved in the prior proceeding and the issue was actually litigated and decided in the prior proceeding. *See Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1080 (11th Cir. 2013) (citing *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)). Moreover, "the issue must have been 'actually litigated and resolved in a valid court determination essential to the prior

---

[4] Plaintiffs' complaint suggests that this fraud count is brought against both Defendants Rashid *and* Ferdos R. Abdallah. But the complaint provides no allegations supporting a claim of fraud against Ferdos R. Abdallah, and the Court accordingly concludes that Plaintiffs have failed to state such a claim against her.

judgment.'" *Id.* (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). The issue of what happened to the $150,000.00 in this action is identical to an issue in the Texas action, and that issue was litigated and resolved in a valid court determination essential to the prior judgment because that money was part of the judgment that was awarded in Plaintiffs' favor.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Final Default Judgment (DE 14) is **DENIED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** as to Plaintiffs' fraud claim against Defendant Ferdos R. Abdallah, and **DISMISSED WITH PREJUDICE** as to the remaining claims because amendment would be futile under principles of *res judicata* and collateral estoppel. Plaintiffs shall have until **October 4, 2013** to file an amended complaint for fraud against Defendant Ferdos R. Abdallah.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of September, 2013.

KENNETH A. MARRA
United States District Judge